## REICH v. INDUSTRIAL COM'R OF NEW YORK.

### No. 31.

Circuit Court of Appeals, Second Circuit.

Dec. 5, 1944.

Before SWAN, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

Sol O. Maltz, of New York City, for A. Alan Reich, trustee-appellant.

Nathaniel L. Goldstein, Atty. Gen., of New York (Orrin G. Judd, Sol. Gen., of New York City, and Francis R. Curran and Alfred H. Sarno, Asst. Attys. Gen., of counsel), for Industrial Commissioner, tax claimant-appellee.

AUGUSTUS N. HAND, Circuit Judge.

On June 25, 1943, the New York State Department of Labor, Division of Placement and Unemployment Insurance filed a claim for $829.20 and interest for unemployment insurance contributions alleged to be due from the bankrupt estate of Robinson Induction Corporation. A. Alan Reich, the trustee in bankruptcy, moved in the bankruptcy court for a reduction of the claim to $196.11 on the ground that the salaries of the officers of the corporation were not subject to taxes for state unemployment insurance because its liability for payment was not "unconditionally established." The referee made an order reducing the claim to $196.11, but on review by the District Court the judge reversed the referee and allowed the claim in full. The trustee has appealed from the judge's order. We think the decision of the referee was right and accordingly hold that the decision of the judge should be reversed and that of the referee affirmed.

The pertinent provisions of the Unemployment Insurance Law of the State of New York are found in the New York Labor Law, Consol.Laws, c. 31, Article 18, Section 500 etc., and are set forth below:[1]

The applicable regulation authorized by Section 518.1 is also set forth below.[2]

The items which the referee declined to hold, subject to unemployment insurance

---

[1] Sec. 516 of the Labor Law: "The contribution regularly payable by each employer shall be an amount equal to two and seven-tenths per centum of the payroll of employees, as herein defined * * *."

Sec. 502, subd. 7, of the Labor Law: " 'Payroll' shall mean all wages paid by an employer to his employees as defined in subdivision two of section five hundred and two herein."

Sec. 502, subd. 6-a, of the Labor Law: " 'Wages' shall mean the first three thousand dollars of remuneration paid to an employee by each of his employers with respect to employment during any calendar year."

Sec. 502, subd. 6 of the Labor Law: " 'Remuneration' shall mean any form of compensation for employment paid to an employee by his employer * * *."

Sec. 502, subd. 1, of the Labor Law: " 'Employment' * * * means any employment under any contract of hire, express or implied, written or oral * * *."

Sec. 518, subd. 1, of the Labor Law: "This article shall be administered by the [Industrial Commission] and for such purpose he shall have power to make all rules and regulations * * *."

[2] Regulation U. I. 2—41, Sec. 2: "Remuneration and wages, even if not actually paid, shall be deemed 'paid' * * * when both the amount as well as the liability of the employer for payment thereof have been unconditionally established * * *."

taxes were for contingent salaries of the officers of the corporation during the period from August 7, 1942 to March 6, 1943 and totalled $28,275. These items did not represent sums of money actually paid, though they were credited to the officers on the books of the company.

George Robinson, the president of the bankrupt, testified that none of the officers ever drew a penny from the corporation and that they were only to receive a salary if the business was successful. When asked: "You were getting a lesser or no salary, if there was a failure, in other words, you were getting a salary if there was a success * * *," he replied: "Yes, if there was no money, we obviously would earn no salary." At the adjourned first meeting of creditors he said that his salary was to have been "ten per cent of the profits." As the corporation was insolvent there were, of course, no profits.

Upon the record which we have outlined the referee found that "these salaries were only to have been paid in the event that the corporation succeeded in making a considerable sum of money to warrant the payment of salaries, and that at no time had any moneys been set apart, nor could any moneys have been set apart and made available to the officers and that the salaries were not payable unconditionally."

The proofs were sufficient to warrant the conclusion of the referee in spite of the credits to the officers entered on the books. The book entries were made during a period when a profitable business was hoped for and an "arrangement" between the corporation and its creditors was pending. But the proceeding for an "arrangement" met with no success and was followed by the adjudication in bankruptcy.

The United States made an attempt to have the identical salary items we have mentioned held subject to Social Security Taxes, but its claim was rejected by the referee and a petition to review his order was finally withdrawn. It would seem incongruous that the result in the case at bar should be different. If the liability to pay salaries was not an unconditional obligation, taxes would be due under neither federal nor state law and in any event could not arise from the entry of liabilities in the corporate books which were in fact conditional. It is true that the mere inability of the corporation to pay salaries would not render them exempt from unemployment insurance under the state law if the liability for them had become fixed. Under the regulation we have quoted the salaries are to be "deemed 'paid' * * * when both the amount as well as the liability of the employer for payment thereof have been unconditionally established." But here the liability was not fixed for it depended on corporate earnings which never came into being. If the finding by the referee that the salaries were conditional upon earnings and were in effect only payable out of them was founded on substantial evidence, as we think it was, the District Court was not justified in disregarding his conclusions.

The Administrative Decisions of the Appeal Board of the New York Department of Labor relied on by the appellee do not affect the issues before us. While those decisions treated certain salaries credited to employees on the books of their employers as constructively paid and, therefore, subject to taxes they did not involve situations like the present where the obligation of the employer was limited to payment of salaries out of profits and where no profits were earned.

The decision of the District Court is reversed and that of the referee is affirmed.