**STATE, Plaintiff-Appellant, v. FEINGOLD, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4650. Decided February 8, 1952.

Hon. C. William O'Neill, Atty Genl., Robert A. Clair, Asst. Atty. Genl., Columbus, for plaintiff-appellant.
William A. Walsh, Akron, for defendant-appellee.

## OPINION

By MILLER, J.

This is a law appeal from the judgment of the Common Pleas Court holding that contributions due to the Unemployment Compensation Fund from an employer are not taxes and that it is therefore a debt dischargeable under Section 17-1 of the Federal Bankruptcy Act which provides:

"Debts not affected by a discharge. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are due as a tax levied by the United States, or any State, county, district, or municipality."

While it is conceded that the Unemployment Compensation Act refers to all payments to be made to the fund as "contributions" the appellant urges that it is in reality a tax and therefore is not a debt dischargeable under the Bankruptcy Act. "Contributions" are defined as follows in §1345-1-j GC:

" 'Contributions' means the money payments to the state unemployment compensation fund required by this act."

It appears that the purpose of the Bankruptcy Act is to aid debtors, but also at the same time to protect the rights of the taxing authorities.

Unemployment contributions have been considered by the Supreme Court of the United States in Carmichael v. Southern Coal and Coke Company, 301 U. S. 495, 81 L. Ed. 1245, 57 S. Ct. 868. In the course of that opinion, the Court said:

"In Beeland Wholesale Co. v. Kaufman, 234 Ala. 249, 174 So. 516, the Supreme Court of Alabama held that the contributions which the statute exacts of employers are excise taxes laid in conformity to the constitution and laws of the state. While the particular name which a state court or legislature may give to a money payment commanded by its statute is not controlling here when its constitutionality is in question, . . . we see no reason to doubt that the present statute is an exertion of the taxing power of the state . . .

"Taxes, which are but the means of distributing the burden of the cost of government, are commonly levied on property or its use, but they may likewise be laid on the exercise of personal rights and privileges. As has been pointed out by the opinion in the Chas. C. Steward Machine Co. case (301 U. S. 548, 31 L. ed. 1279, 57 S. Ct. 883), such levies, including taxes on the exercise of the right to employ or to be employed, were known in England and the Colonies before the adoption of the Constitution, and must be taken to be embraced within the wide range of choice of subjects of taxation, which was an attribute of the sovereign power of the states at the time of the adoption of the Constitution, and which was reserved to them by that instrument. As the present levy has all the indicia of a tax, and is of a type traditional in the history of Anglo-American legislation, it is within state taxing power, and it is immaterial whether it is called an excise or by another name. See Barwise v. Sheppard, 299 U. S. 33, 36. Its validity under the Federal constitution is to be determined in the light of constitutional principles applicable to state taxation."

A case quite similar in its facts to the case at issue was decided by the Supreme Court of Washington, Charles F. Ernst, as Director of the State Department of Social Security, Respondent, v. William Hingeley, Appellant, (Monte Cristo Hotel Company, Garnishee) Defendant, 11 Wash. 2nd, 171, excerpts of which are as follows:

"(2) In view of the language of the Supreme Court of the United States in the case of Mountain Timber Co. v. State, supra, in which the supreme court expressed the opinion that payments exacted under our workmen's compensation act were occupation or license taxes, or at least partook of the nature of such taxes, and in the light of the decision of the supreme court in the case of Carmichael v. Southern Coal and

Coke Co., supra, we are convinced that contributions exacted under the unemployment compensation act of this state must be held to be taxes, within the scope of the Federal bankruptcy act, and that the right of the state to collect such contributions is not affected by the contributor's discharge in bankruptcy.

"We agree with Judge Duffy, presiding over the United States district court for the eastern district of Wisconsin, who, in re Oshkosh Foundry Co., supra, expressed the opinion that the word taxes, as contained in section 104 (a) of the Federal bankruptcy act governing priorities of payment, should not be construed in a narrow or restricted sense. The general purpose of the bankruptcy act is to give relief to unfortunate debtors, but at the same time, the purpose to preserve to the taxing authorities rights both as against the other creditors of the bankrupt and as against the bankrupt himself, clearly appears."

We have been unable to find any reported cases in this state wherein the same question was presented, but we find that in the case of **State v. Iden, 71 Oh Ap 65,** the Court upheld the constitutionality of the Unemployment Compensation Act for the sole reason that the contributions exacted are excise taxes, the Court saying at page 69:

"Is Iden deprived of his property without due process of law? Nearly every possible phase of a like complaint was passed upon by the United States Supreme Court in Carmichael v. Southern Coal & Coke Co., 301 U. S., 495, 81 L. Ed., 1245, 57 S. Ct., 868, wherein Mr. Justice Stone, pointed out that the Unemployment Compensation Act of Alabama, which is like unto our own, is an exercise of the state's taxing power, and its validity is determinable upon 'constitutional principles applicable to state taxation.' Clearly the contributions exacted by the various state unemployment compensation acts are excise taxes, which state legislatures may impose upon a particular class, exempting others, for the benefit of the general welfare, and which the highest court in the land has for many years repeatedly said did not infringe upon constitutional limitations."

It is therefore our conclusion that the funds involved in this action, being excise taxes, are not dischargeable under the Bankruptcy Act. The judgment will be reversed.

HORNBECK, PJ, WISEMAN, J, concur.