Carroll,
No. 6201.

STATE EMPLOYMENT SECURITY DEPARTMENT

*v.*

WILLIAM WHITE.

July 31, 1972.

*Edward F. Smith* and *Joseph Stewart* (*Mr. Stewart* orally) for the plaintiff.

*L. Hamlin Greene,* for the defendant, filed no brief.

GRIFFITH, J. This is an action to collect unemployment contributions from the defendant as an employer under RSA 286:6. All issues raised by an agreed statement of facts filed by the parties were reserved and transferred by *Dunfey,* J.

The defendant operated a restaurant in North Conway in the years 1964 and 1965. Defendant filed reports of wages as required by the regulations of the plaintiff and owes unemployment contributions under RSA 282:6 which are unpaid. Defendant was adjudged a bankrupt on January 29, 1966, and discharged in bankruptcy on June 2, 1966. A proof of claim for the contributions was filed by the plaintiff but no dividend was paid. It appears that a portion of the wages payable to employees as reported to the plaintiff have not been paid.

Plaintiff relies upon the provisions of the Bankruptcy Statute, 11 U.S.C.A. 35 (supp.), which provides in part as follows: "(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are taxes which became legally due and owing by the bankrupt to the United States or to any State or any subdivision thereof within three years preceding bankruptcy . . . ."

Contributions due under State unemployment compensation statutes have been consistently held to be taxes (81 C.J.S. Social Security and Welfare *s.* 139, at 206 (1953)) and more particularly taxes within the meaning of the Bankruptcy Act (Annot., 135 A.L.R. 1509 (1941)) not discharged in bankruptcy. *State* v. *Feingold,* 64 Ohio L. Abs. 509, 112 N.E.2d 830 (Ohio App. 1952).

The fact that some of the wages owed to employees in the periods reported have not been paid does not prevent taxation of such unpaid wages. Wages are defined in RSA 282:1(0) as "every form of remuneration for personal services paid or payable to a person . . . . " This definition negates the necessity that the wages be paid before the tax is due and assesses the tax upon the accrual of the liability for wages. *See Reich* v. *Industrial Comm'r,* 145 F.2d 759, 761 (2d Cir.

1944): "It is true that the mere inability of the corporation to pay salaries would not render them exempt from unemployment insurance under the state law if the liability for them had become fixed."

Judgment for the plaintiff in accordance with the agreed statement of facts in the amount of $825.20.

*Remanded.*

All concurred.